UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GEORGE GRIGSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1582 (EGS) |
| | ) | |
| MARY THOMAS | ) | |
| Judge, Circuit Court of Cook | ) | |
| County, Illinois, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Pro se petitioner George Grigsby filed what he has labeled a petition for writ of habeas corpus on September 6, 2007. The petition names as the respondent Judge Mary Thomas. For numerous reasons, as detailed below, this Court *sua sponte* **dismisses** the petition without prejudice.

First, petitioner has styled his filing as a petition for writ of habeas corpus. However, he has not provided any facts suggesting that he is presently in custody nor does he allege any collateral consequence of previous incarceration that justifies his petition. *See Qassim v. Bush*, 466 F.3d 1073, 1076-77 (D.C. Cir. 2006). Moreover, petitioner has not indicated how Judge Mary Thomas could be his custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 438-41 (2004) (indicating that the proper respondent is petitioner's custodian). Finally, if petitioner is confined at all, his confinement appears to be in Chicago, Illinois, not

Washington, D.C.  Accordingly, this Court does not have jurisdiction over his habeas petition.  *See See Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *see also McLaren v. United States*, 2 F. Supp. 2d 48, 50 (D.D.C. 1998) (noting that habeas petition pursuant to 28 U.S.C. § 2254 should be brought in district in which prisoners are incarcerated).

　　Petitioner previously filed a habeas petition in this Court on January 22, 2007 naming the same respondent, appearing to rely on the same underlying facts, and attaching the same letters to the Illinois Department of Human Services and Circuit Court of Cook County that were attached in this case.  *See Grigsby v. Thomas*, Civ. A. No. 07-158 (exhibits to January 22, 2007 Petition for Writ of Habeas Corpus).  After issuing an Order to Show Cause why the case should not be transferred, affording petitioner an opportunity to respond, and after receiving no response from petitioner, this Court transferred the case to the United States District Court for the Northern District of Illinois.  As part of his new habeas petition, petitioner asks to transfer the case back to the United States District Court for the District of Columbia.  Petitioner's only argument for why the case should not be in the Northern District of Illinois is that Judge Earl

2

Strayhorn is not a judge in Chicago any longer. Even if the Court were to construe his new case as the equivalent of a motion for reconsideration of the Court's order transferring the case, petitioner has not provided any basis for why this Court has jurisdiction over any habeas claim because petitioner has not identified a custodian in Washington, D.C. Moreover, petitioner's case is still pending in the United States District Court for the District of Illinois and that Court has instructed petitioner to file an amended complaint by September 28, 2007 if his case is not moot. It would be duplicative and a waste of judicial resources for this Court to consider the claims that are currently pending before the District Court in the Northern District of Illinois.

In his most recent habeas petition, petitioner appears to be asking the Court to call the City of Chicago Trust Office and also indicates that he would like to come to a hospital in Washington, D.C. with federal aid and provision from his trust. However, petitioner does not allege any wrong on the part of respondent to which these claims for relief pertain. If the Court construes the petition as a complaint as opposed to a habeas petition based on the apparent lack of any custody, then petitioner has failed to meet the requirements of Federal Rule of Civil Procedure 8(a). Petitioner has neither provided "a short and plain statement of the grounds upon which the Court's

jurisdiction depends" nor has he provided "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a).  Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief.  *Clements v. Gonzales*, Civ. A. No. 06-1809, 2007 U.S. Dist. LEXIS 53629, at *7 (D.D.C. June 27, 2007) (citations omitted).  Plaintiff has not made any "showing" whatsoever of his entitlement to relief, nor has he provided "fair notice" of his claim or grounds for relief.  *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007).

To the extent that petitioner is challenging any actions of Judge Mary Thomas in her official capacity as a judge in his petition, Judge Thomas is immune from suit.  *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993).  Petitioner does not identify what actions respondent took in this case but he identified a ruling he disagreed with in his prior habeas petition.  *See Grigsby*, Civ. A. No. 07-158 (January 22, 2007 Petition for Writ of Habeas Corpus).

Finally, if petitioner is not in fact seeking habeas relief and instead is seeking some relief based on a trust account maintained by the City of Chicago, petitioner has not provided any basis under which this Court has subject matter jurisdiction over this case or personal jurisdiction over the

4

respondent/defendant. He alleges no federal or constitutional basis for jurisdiction sufficient to satisfy 28 U.S.C. § 1331, nor does he allege any case or controversy in excess of $75,000 or against a diverse defendant as required by 28 U.S.C. § 1332. It appears that petitioner/plaintiff Grigsby and respondent/defendant Mary Thomas are both residents of Illinois so there is no diversity.

For all the foregoing reasons, petitioner's habeas petition is dismissed without prejudice. An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan
            United States District Judge
            September 14, 2007**

Notice to:

George Grigsby
1039 W. Lawrence
Chicago, IL 60640